IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENEE BERLINER-RUSH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS GENERAL HOSPITAL,<br><br>Defendant. | Case No. 17-CV-<br><br>**CORRECTED NOTICE OF REMOVAL (WITH EXHIBITS)** |

---

NOW COMES Defendant **MASSACHUSETTS GENERAL HOSPITAL** (hereinafter referred to as "Defendant"), to respectfully notify this Court of the removal of the above-entitled action from the Supreme Court of New York, County of New York ("Supreme Court"), to the United States District Court for the Southern District of New York ("District Court"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support thereof, Defendants state as follows:

1. This action is being removed to the District Court pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

2. On or about March 14, 2017, plaintiff filed a Summons and Class Action Complaint ("Complaint") in the Supreme Court, New York County bearing Index No. 651337/2017, and naming Massachusetts General Hospital as a defendant. A copy of the Summons and Verified Complaint, filed March 14, 2017 is annexed hereto as **Exhibit "A."**

1

3. Defendant Massachusetts General Hospital was served with the Complaint on March 16, 2017. A copy of the Affidavit of Service prepared for the Complaint is annexed hereto as **Exhibit "B."**

4. Defendant neither received nor was served with a copy of the Complaint prior to March 16, 2017. Defendant has yet to interpose an answer at this time.

5. In her Complaint, Plaintiff, on behalf of herself as well as a purported nationwide class of all others similarly situated, seeks unspecified damages from Defendant for alleged consumer fraud and deceptive business practices regarding the mailing of advertisements for "Mind, Mood & Memory" (hereinafter referred to as "the Magazine"), a monthly subscription magazine allegedly published by Defendant. Ex. A, ¶¶ 3-8. The Complaint does not include any specific demand for monetary relief.

6. However, plaintiff alleges that as a result of Defendant's purported consumer fraud and deceptive business practices, she was induced to pay Defendant $20.00 for a subscription to the Magazine. Ex. A, ¶ 7. In her Class Action Complaint, plaintiff seeks damages for herself as well as a purported nationwide class "of all recipients of Mass General's solicitation for the Magazine from March 13, 2014 through the date the court enters judgment in this action." *Id.*, ¶ 9.

7. Plaintiff further alleges that Defendant "has mailed thousands, or hundreds of thousands, of the Advertisements to Plaintiff, and those similarly situated," and that "[t]he members of the Class are so numerous that joinder of all members is impracticable." *Id.*, ¶ 11. Plaintiff further alleges that "[w]hile the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds of thousands of members in the Class." *Id.*, ¶ 12. On these allegations, plaintiff claims violations of N.Y. Gen. Bus. Law §§ 349 and 350, and seeks damages including "statutory

damages, on all applicable claims in an amount to be proven at trial," as well as "attorneys' fees, costs and expenses." *Id.*, ¶ 15(d).

8. Section 349 of the General Business Law provides for statutory damages up to the amount of $1,000.00 per violation. N.Y. Gen. Bus. Law § 349.

9. Therefore, based upon a reading of plaintiff's proposed Class Action Complaint, which seeks statutory damages and attorneys' fees, costs and expenses on behalf of a purported nationwide class of "hundreds of thousands" of consumers who allegedly received advertisements and/or mailings for the Magazine, with a statutory damages amount up to $1,000.00 per violation, it can be inferred that the amount in controversy in this case exceeds the $75,000.00 threshold required under 28 U.S.C. § 1332.

10. The District Court has original jurisdiction under 28 U.S.C. § 1332 over this action because the amount in controversy exceeds the sum of $75,000, exclusive of interest and cost, and it is an action between: 1) Plaintiff Renee Berliner-Rush, a citizen of New York and resident of New York County, individually and on behalf of a purported nationwide class of all others similarly situated; and 2) Defendant Massachusetts General Hospital, a Massachusetts hospital entity with principle place of business located at 55 Fruit Street, Boston, MA 02114. *See* Summons and Complaint at Ex. A, ¶ 1-2; Affidavit of John R. Higham, Esq., annexed hereto as **Exhibit "C"**, at ¶¶ 2-3. Thus, complete diversity exists here between the named Plaintiff and all named Defendants.

11. This Supreme Court action is a suit of a wholly civil nature of which the District Court has original jurisdiction under 28 U.S.C. §§ 1332, and is one that may be removed to the District Court by petition pursuant to 28 U.S.C. § 1441(a-b); and 1446. The Supreme Court of

3

New York, County of New York is within the venue of the United States District Court for the Southern District of New York.

12.     This Notice of Removal is being filed pursuant to 28 U.S.C. §§ 1441 and 1446 within thirty (30) days of service of the Summons and Complaint on March 16, 2017.[1] Thus, this action is therefore removable in that the time for filing this Notice of Removal under 28 U.S.C. § 1446 has not yet expired.

13.     Defendant specifically reserves all defenses, including without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure, and further submits to the governance of discovery in this action by the District Court pursuant to Federal Rule of Civil Procedure 26.

14.     Based on the foregoing, Defendant files this Notice of Removal of this action from the Supreme Court, in which it is now pending, to the District Court. All prior process and pleadings herein are annexed hereto as Exhibit A-B, and incorporated herein by reference.

---

[1] As the 30th day following service of the Summons and Complaint fell on Saturday, April 15, 2017, Defendant's deadline to remove this action to federal court was extended by rule to the following Monday, April 17, 2017. *See* Fed. R. Civ. P. § 6(a)(1)(C); N.Y. Gen. Constr. L. § 25-a.

**WHEREFORE**, Defendant MANHATTAN GENERAL HOSPITAL hereby notifies this Court of the removal of this action from the Supreme Court of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
April 17, 2017

                        Yours, etc.,

                        COZEN O'CONNOR

By:    Ryan T. Kearney, Esq. (RK1608)
*Attorneys for Defendant*
*MASSACHUSETTS GENERAL HOSPITAL*
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400
rkearney@cozen.com

To:

GARDY & NOTIS, LLP
126 East 56th Street, 8th Floor
New York, NY 10022
(212) 905-0509

5